UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY GAMACHE,

                Plaintiff,

  v.

UNITED STATES OF AMERICA,

                Defendant.

Case No. C11-438-RAJ-BAT

**REPORT AND RECOMMENDATION**

    Plaintiff Gregory Gamache has filed with this Court an application for leave to proceed in forma pauperis (IFP) and the instant civil complaint. Dkt. 1. The matter has been referred to the undersigned United States Magistrate Judge. Dkt. 2. By separate Order, the Court has granted Gamache's IFP application and will now proceed to screen his complaint under 28 U.S.C. § 1915.

    Gamache's complaint names the United States of America as a defendant and seeks "A court order for the immediate passage of a United States federal law, protecting its citizens from the use of electronic weapons." Complaint at 2. Gamache describes the harm he believes comes from such weapons and the provisions he believes the law should include. *Id.* at 2-3.

    28 U.S.C. § 1915(e)(2)(B) provides that the Court shall dismiss a case if it finds that the action is frivolous or if it fails to state a claim on which relief may be granted. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

REPORT AND RECOMMENDATION - 1

319, 325 (1989).  A complaint fails to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Court finds that Gamache's complaint is both frivolous and fails to state a claim on which relief may be granted.

The United States can only be sued to the extent that it has waived its sovereign immunity.  *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).  A waiver cannot be implied but must be unequivocally expressed.  *Id.*  The plaintiff bears the burden of showing a waiver.  *Id.*  Gamache has not identified any basis for waiver, and the Court has found none.

Moreover, Gamache has not identified any constitutional or statutory right that has been violated, or asserted any other basis for federal subject matter jurisdiction.  Instead, Gamache asks this Court to direct Congress to pass a law.  But the Constitution commits this decision to Congress, making it a nonjusticiable issue involving a political question.  *See Nixon v. United States*, 506 U.S. 224, 228 (1993).  This Court does not have the authority to grant Gamache the relief he seeks.

The Court must give a pro se plaintiff notice of a complaint's deficiencies and leave to amend, unless it is absolutely clear that amendment could not cure the deficiencies.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Here, Gamache would have to abandon his claim and allege an entirely new cause of action in order to proceed with this case. The Court recommends against granting Gamache leave to amend because it is clear that he cannot cure his pleading deficiencies.

///

///

///

REPORT AND RECOMMENDATION - 2

1  Because Gamache's claim is frivolous and fails to state a claim on which relief can be
2  granted, the complaint and this case should be **DISMISSED** with prejudice under 28 U.S.C.
3  § 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

4  DATED this 17th day of March, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3